UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIUDMYLA IEGOROVA,<br><br>    Plaintiff,<br><br>  v.<br><br>H.U.D.,<br><br>    Defendant. | No.  2:15-cv-0726-KJM-KJN PS<br><br><br>ORDER |

Plaintiff Liudmyla Iegorova, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[1]  Plaintiff's application in support of her request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Liberally construed, plaintiff's complaint in this case alleges that plaintiff is a disabled, 72-year old senior citizen who applied for a section 8 housing voucher with the "HUD offices" of Sacramento County, Stanislaus County, and Yolo County. According to plaintiff, she was not accepted onto the waiting list for Sacramento County sometime around 2011. Furthermore, although plaintiff was initially told that she could apply for a section 8 voucher in Stanislaus County, plaintiff was ultimately removed from the waiting list in Stanislaus County in March of 2015 for the asserted reason that plaintiff had not lived in Stanislaus County for one year. Finally, the complaint also mentions that plaintiff could not get onto the section 8 voucher waiting list for Yolo County in 2010, because plaintiff was unable to provide her original birth certificate. Plaintiff names as defendant the "HUD agency office in State of California" and

2

alleges claims of discrimination and retaliation against plaintiff as a "white east European woman with Slavic roots." Plaintiff seeks the award of a section 8 voucher and an investigation of all persons involved in plaintiff's applications. (See generally ECF No. 1.)

There are several problems with plaintiff's complaint. First, although the complaint broadly alleges discrimination and retaliation, plaintiff fails to allege under which federal statute she is bringing a claim.

Second, the complaint does not even remotely allege sufficient facts from which the court can draw a reasonable inference that the officials involved engaged in discrimination or retaliation based on plaintiff's membership in a protected class. Indeed, plaintiff's present allegations suggest that plaintiff was denied a housing voucher, or access to the waiting list for such a voucher, based on various administrative reasons and/or failure to meet program requirements. Even assuming that the officials made mistakes with respect to such requirements, their conduct as alleged does not rise to discrimination or retaliation.

Finally, it does not appear that plaintiff has named a proper defendant. There is no "HUD agency office in State of California." The United States Department of Housing and Urban Development ("HUD") provides funding for the Housing Choice Voucher Program (formerly known colloquially as Section 8), but that program is administered locally by public housing agencies. Eligibility for a housing voucher is generally determined by the particular local public housing agency. See http://portal.hud.gov/hudportal/HUD?src=/program_offices/public_indian_housing/programs/hcv/about/fact_sheet. Although HUD itself has field offices in San Francisco, Los Angeles, and Santa Ana, it appears that plaintiff's alleged interactions had taken place with officials at the public housing agencies for Sacramento, Stanislaus, and Yolo Counties. As such, it seems that those public housing agencies are the parties to which plaintiff's complaint is actually directed.

Given the above-mentioned deficiencies, plaintiff's complaint is subject to dismissal. Nevertheless, in light of plaintiff's *pro se* status, and because it is at least conceivable that plaintiff could cure such deficiencies, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint"; shall clearly identify the named defendant(s); shall clearly identify under which federal statute plaintiff's claim is brought; shall outline the specific factual allegations in support of that claim; shall specify the relief sought; and shall be typed or written in legible handwriting.

Importantly, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff concludes that she is unable to state a viable claim or no longer wishes to pursue this action in federal court, she may instead file a notice of voluntary dismissal of the action without prejudice.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days of this order, plaintiff shall file either (a) a first amended complaint in accordance with the requirements of this order or (b) a notice of voluntary dismissal of the action without prejudice.
4. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: April 16, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Indeed, public housing agencies frequently offer grievance and review procedures, which may be more efficient and easier-to-navigate forums for resolution of plaintiff's claims. Furthermore, while under no requirement to do so, plaintiff may consider consulting with the Sacramento County Bar Association, tel. (916) 564-3780 or Legal Services of Northern California, tel. (916) 551-2150 to explore possibilities of low-cost or free legal assistance with her housing applications.